HOWARD G. YEATON, ET AL.
*vs.*
ORRIN KNIGHT, ADMR., ET AL.

Cumberland.   Opinion, March 16, 1961.

*Elton Thompson,* for plaintiff.

*Robert A. Wilson,*
*John C. Fitzgerald,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J.   This case is before us on an appeal under M. R. C. P. 73 from the acceptance, by a Justice of the Superior Court of a supplemental report of a referee.

Ida M. Knight, wife of Orrin Knight, died instantaneously on December 27, 1957, as a result of injuries received by being struck by a motor vehicle, under circumstances giving rise to an action for damages under the provisions of Sections 9 and 10, Chapter 165, R. S., 1954, as amended, known as Lord Campbell's Act or the Death Statute.

She was survived by her husband and eight children by a former marriage. There is no evidence to indicate pecuniary injuries on the part of any of the children.

Orrin Knight retained John C. Fitzgerald, and Robert A. Wilson, Portland attorneys to seek to recover damages for his own serious personal injuries and for the alleged tortious death of his wife. Because of certain friendly relations between Attorney Wilson and the father of the driver whose car struck Mrs. Knight, Mr. Wilson assumed only a passive attitude in the case and Mr. Fitzgerald became the active attorney who investigated and pressed the claim to a successful conclusion.

Negotiations looking towards the settlement of the claim for damages arising out of the death of Ida M. Knight were

entered into with the insurance carrier of the alleged tort feasor. Because of doubtful liability, a compromise offer in the amount of $3,000.00 was accepted. Pending negotiations for a settlement, the eight children of Ida M. Knight retained counsel, and there was agreement on their part to the amount of the proposed settlement.

In accordance with well recognized custom and legal necessity, before payment of the agreed amount was made, letters of administration upon the estate of Ida M. Knight were issued to the widower, Orrin Knight.

Payment of the sum of $3,000.00 was made to counsel for Orrin Knight and the claim legally closed.

During the time which elapsed between the death of Mrs. Knight and the final settlement of the claim arising out of her death, the children, or some of them, paid their mother's funeral bill in the amount of $600.00.

All parties agreed that the amount of $600.00 should be deducted from the total amount received, before division was made between the claimants; and it was understood by all parties that the amount of $600.00 should be refunded to the children who paid the funeral bill, or to their counsel.

A dispute arose as to the manner of dividing the balance. It was settled by the agreement that the division should be on a per capita basis between the surviving husband and the eight children.

In the meantime by writ dated January 26, 1959, the eight children had brought suit against Orrin Knight in his capacity as administrator, and his attorney, John F. Fitzgerald, to recover under a general money count the sum of $2,133.36 alleged to have been paid to the defendants under the provisions of Section 10, Chapter 165, *supra,* for the use of the plaintiffs. No specifications were filed to indicate how the plaintiffs had arrived at the amount they were suing for.

Included in the declaration was a count claiming interest from June 13, 1958, this date presumably being the one when the settlement of the claim of Mrs. Knight's estate was effected.

By agreement, the action was referred to a single referee with the right of objections to the acceptance of his report reserved by both parties.

By report filed April 15, 1960, the referee found for the plaintiffs in the sum of $2,133.33, without interest. The docket shows that on the same date, a Justice of the Superior Court entered an order of acceptance, upon agreement of the parties. It is further recorded that judgment was rendered simultaneously.

Within a few days thereafterwards, the plaintiffs in this action (or some of them) brought suit against the defendants in this action to recover the amount of the funeral bill. The defendants, being of the opinion that the question of the funeral bill had been litigated in the prior action, filed a motion on May 2, 1960, praying that the referee file a supplemental report indicating his findings of fact and conclusions of law.

Pursuant to this motion, the referee filed a supplemental report in which he outlined the facts of the prior litigation in detail.

He indicated that he arrived at his finding by the following process of arithmetic:

"Total amount recovered                                3000.00
    Less: Counsel fee                                   750.00

                                                        2250.00
        Funeral bill (Paid by Plaintiffs)               600.00

    Remaining for Distribution                         1650.00
    Orrin Knight — 1/9 of $1650.00                      183.33

| Plaintiffs' share of Distribution | |
|---|---|
| 8/9 of $1650.00 | 1466.67 |
| Reimburse Plaintiffs for paying | |
| Funeral bill | 600.00 |
| | |
| Total Due Plaintiffs | $2066.67" |

This supplemental report was filed on May 13, 1960. Notice of intention to object to its acceptance was filed by counsel for the plaintiffs. Pursuant to this notice a hearing was set upon the matter and on June 9, 1960, all counsel being present and participating, a Justice of the Superior Court entered a ruling to the effect that the findings of fact were accepted.

Thereupon the plaintiffs appealed and set forth the following as their statement of points on appeal:

"1. The Court erred in allowing Supplementary Report of the Referee after the Referee's report had been allowed and judgment rendered thereon.

"2. The Court erred in allowing Supplementary Report of the Referee after the Referee's report had been accepted, as it contained certain statements contrary to the declaration in the writ on which judgment had already been rendered.

"3. That the Court erred in allowing Supplementary report of the Referee as the computation of amounts determined were determined by including payment of funeral expenses by Defendants, which in fact have never been paid by said Defendants.

"4. That the Court erred in allowing Supplementary report of Referee because it was contradictory to judgment already obtained, and is detrimental to a pending suit for reimbursement to Plaintiffs for payment of the funeral bill which Defendants neglected to pay.

"5. That the findings of the Court were clearly erroneous."

While the ostensible issue is the supplemental report, we are convinced that the real issue raised by counsel for the plaintiffs is one of division of counsel fees.

That the real bone of contention relates to the fees charged by the attorney for the administrator is clearly shown in brief of counsel for the plaintiffs in which he sets forth the issues as follows:

"1. Whether attorneys' fees should have been deducted from the damages prior to distribution.

"2. Whether attorneys' fees should be prorated between attorney for Plaintiffs and attorney for Defendant.

"3. Whether the Supplementary Report could be an explanation of facts arrived at in the Referee's report which was filed and accepted on account of basis of computation therein.

"4. Whether the Court had a right to allow and accept the Supplementary Report after the original report had been accepted by agreement and judgment entered."

That the basic contention of counsel for the plaintiffs relates to a division of fees is also indicated by a statement addressed to the General Committee of the Cumberland Bar Association where he says in his statement, made a part of the record, that the matter was being submitted "for determination as to rights of parties and *determination of fees.*" (Emphasis supplied.) It is indicated that the General Committee of the Cumberland Bar Association declined to render an opinion.

It is conceded that the counsel fee of $750.00, arrived at by a charge of 25% of the collection, is fair and reasonable.

Counsel for the plaintiffs contends, that he is entitled to eight-ninths of the counsel fee and he advances the following arithmetical formula as the basis for division of the amount of $3,000.00 collected by counsel for Orrin Knight:

"Amount of settlement,   $3,000.00
Funeral expenses paid by
children    600.00

Balance for division    $2,400.00
Due Orrin Knight, 1/9        $ 266.67
Due children,      8/9        2133.33

Total reimbursement to
children    $2,133.33
plus reimbursement for
funeral expenses paid by
them,    600.00

       $2,733.33

plus interest from date of payment

Fees Agreed upon as $750.00 to be divided 1/9 to
Mr. Fitzgerald and 8/9 to Mr. Thompson."

We revert now to the points on appeal specified by the plaintiffs.

Under point No. 1, the plaintiffs allege error on the part of the court in allowing the supplemental report after the original report had been allowed "and judgment rendered thereon."

This point appears to be well taken. There seems to be no provision in the New Rules of Civil Procedure authorizing the action adopted by counsel for the defendants in filing a motion for a supplemental report indicating findings of fact and conclusions of law. It is alleged in the motion that it was being filed pursuant to the provisions of Rule 53 (e) (1) M. R. C. P. The only reference to findings of fact and conclusions of law to be found in this section of the rules is the first sentence which reads as follows:

"The referee shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report."

While there seems to be no specific provision in the New Rules of Civil Procedure outlining the method to be used when it is desired that a referee make findings of fact and conclusions of law, a request for such findings must be made before the entry of the order of reference. See § 53.7, Page 437, Field & McKusick.

Section 5, Chapter 121, R. S., 1954, as amended, specifies what action the court may take upon the report of a referee. It is provided that "the court may accept, reject or recommit the report * * *." Consequently, it would seem that after a report of a referee has been filed, and before it has been accepted, if counsel for either side so desires, a request may be addressed to the court for its recommittal, and if granted the cause may be heard anew on such issues as appear pertinent and appropriate.

In support of defendants' position that the motion for a supplemental report seeking to clarify the original findings of the referee was proper procedure, the case of *Smith* v. *Putney,* 18 Me. 87, was cited. In that case, after a jury verdict was rendered, but before it was affirmed, at the request of counsel for the defendant, the jury was asked and permitted to answer, how they had arrived at their verdict. This court saw no objection to this procedure, *"provided the inquiry be made at the time of giving in the verdict."* (Emphasis supplied.)

However, the situation in *Smith* v. *Putney, supra,* is not analogous to the one in the instant case, because in this case judgment had already been rendered when the motion for a supplemental report was filed. We would see no objection to the application of the doctrine enunciated in *Smith* v. *Putney, supra,* to a case where the motion is filed prior to the acceptance of the report of a referee.

In any event, there being no sanction, either by statute or by rule of court, for the procedure adopted in this case, it

follows that the appeal of the plaintiffs upon this issue must be sustained.

In view of this finding pertaining to point No. 1, it is unnecessary for us to discuss the remaining points on appeal.

However, we are constrained to state that failure on our part to give consideration to what we have already indicated is the basic underlying controversy would delay a prompt and equitable conclusion of the litigation in which the parties to this action are involved.

Although, in view of the opinion we have already expressed, we are not permitted to give consideration to the supplemental findings of the referee, we do not need this information in order to reach a determination of how the referee divided the amount of $3,000.00 collected by counsel for the defendants.

Upon this point, there is sufficient information in statements of counsel, made a part of the record, to permit us to conclude for ourselves by the process of arithmetic how division was arrived at. Under the theory of the defendants, division was made after deducting the funeral bill and the counsel fees. On the theory of the plaintiffs, division should be made by deducting the funeral bill and then dividing the balance per capita between the surviving husband and the eight children, and then adding the funeral bill to the amount claimed to be due to the children.

We can reckon for ourselves that upon the theory of the defendants, the amount of $2,066.67 was properly due the plaintiffs. There is nothing in the record to indicate why this amount was increased to $2,133.33. Whether the difference is made up of interest or was arrived at by compromise is immaterial.

Action to recover damages under the Death Statute must be brought in the name of the personal representative of the

person deceased. Such is the directive contained in Section 10, Chapter 165, R. S., 1954.

This provision of law presupposes that the personal representative shall be the one to retain counsel. In this case, Orrin Knight retained the other defendant as his attorney. As a result of his efforts, settlement of the claim and collection thereon was effected. He is the attorney who is entitled to the fee.

We are cognizant of the fact that in cases where an attorney has been retained to press a tort claim, he may first properly deduct a reasonable fee from the amount of his collection before he remits to his clients.

The manner in which the referee arrived at his finding was correct. Payment on the part of the administrator of the estate of Ida M. Knight to the plaintiffs of the amount of $2,133.33, will include the funeral bill and preclude successful action in any other litigation to recover a similar amount.

The entry will be:

*Appeal sustained, without costs.*