HARRIETTE M. BUZYNSKI
IDA C. ROSS
*vs.*
COUNTY OF KNOX AND AETNA CASUALTY & SURETY
COMPANY
(TWO CASES)

Knox.    Opinion, February 14, 1963.

*David A. Nichols,* for Plaintiff Buzynski.
*Christy C. Adams,* for Plaintiff Ross.

*Robert W. O'Connor,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., sat at argument, but retired before rendition of decision.

WILLIAMSON, C. J. These complaints for declaratory judgments are reported to us on agreed facts. The prime issue is whether the employer or compensation carrier is subrogated under the Workmen's Compensation Act to an action under the Death Act or Lord Campbell's Act. For convenience the cases were consolidated for argument.

On Labor Day 1959 Frank Ross, Jr. and Frank J. Buzynski, deputy sheriffs in the County of Knox, were killed in an automobile accident. In each instance the widow, left with children under 18 years of age, sought and obtained workmen's compensation and was appointed administratrix of her husband's estate.

There are presently two actions pending in the Knox Superior Court with reference to the death of each deputy sheriff against one George O. Tripp, Jr. charged with liability therefor. One action was brought by the widow in her capacity as administratrix, and the other in the name of the administratrix, by the compensation carrier.

The "question to be decided," is, to quote from the record:

"What right, if any, have the said County of Knox and Aetna Casualty & Surety Company, Defendants, as employer and compensation carrier, respectively, under Section 25 of the said Chapter 31, to proceed against a third party allegedly causing the said deaths; and to what extent, if any, do the said Defendants share in the damages which may be recovered in such actions for wrongful death?"

Reference to sections of statute herein, unless otherwise indicated, are to sections of the Workmen's Compensation Act. R. S., c. 31. For our purposes the employer and the compensation carrier, that is to say, the defendant County

of Knox and the defendant Aetna Casualty and Surety Company, are one. Section 2, I; *White's Case,* 126 Me. 105, 136 A. 455.

The action under the Death Act or Lord Campbell's Act remains of course unchanged by the Workmen's Compensation Act. R. S., c. 165, § 9 *et seq.* The Act provides for recovery of damages for the benefit of the widow and children and for medical, surgical, hospital, and funeral expenses. The representative of the estate, here the administratrix, brings the action as trustee for the widow and children, and with reference to the expenses for the benefit of the estate. *Picard* v. *Libby,* 152 Me. 257, 127 A. (2nd) 490; *O'Connell* v. *Hill,* 157 Me. 57, 170 A. (2nd) 402. The action is created on the death of the decedent. *Hammond* v. *Street Ry.,* 106 Me. 209, 76 A. 672; *Danforth* v. *Emmons,* 124 Me. 156, 126 A. 821. It must be brought in the name of the personal representative. *Yeaton, et al.* v. *Knight, et al.,* 157 Me. 133, 170 A. (2nd) 398. The question before us is not whether the administratrix has an action against Tripp, but who shall control the action and how shall the proceeds be distributed.

We turn to the pertinent provisions of Workmen's Compensation Act (R. S., c. 31):

"**Sec. 25. Employee injured by third party has election; employer paying compensation subrogated to employee's rights.**—When any injury or death for which compensation or medical benefits are payable under the provisions of this act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages. Any employer having paid such compensation or benefits or having become liable therefor under any decree or approved

agreement shall be subrogated to the rights of the injured employee to recover against that person; provided if the employer shall recover from such other person damages in excess of the compensation and benefits so paid or for which he has thus become liable, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action or collection. Settlement of such subrogation claims and the distribution of the proceeds therefrom must have the approval of the court wherein the subrogation suit is pending or to which it is returnable; or, if not in suit, of a single commissioner. When the court in which such subrogation suit is pending or to which it is returnable is in vacation, the judge of the court, or, if the suit is pending in or returnable to the superior court, any justice of the superior court, shall have the power to approve the settlement of such suit and the distribution of the proceeds therefrom. The beneficiary shall be entitled to reasonable notice and the opportunity to be present in person or by counsel at the approval proceedings.

"The failure of the employer or compensation insurer in interest to pursue his remedy against the third party within 30 days after written demand by a compensation beneficiary shall entitle such beneficiary or his representatives to enforce liability in his own name, the accounting for the proceeds to be made on the basis above provided." As amended 1961, c. 392, § 3.

The 1961 amendments indicated by emphasis were not in effect at the time of the fatal accident.

"Sec. 2. **Definitions.**—The following words and phrases as used in this act shall, unless a different meaning is plainly required by the context, have the following meaning:

"II. B. . . Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, de-

pendents and other persons to whom compensation may be payable."

Death benefits, "if death results from the injury," as here, are payable to dependents. Sec. 15. It is not questioned that the widow and the children under the age of 18 years are dependents under Sec. 2 VIII, and that the compensation paid the widow is for the benefit of such children as well as herself.

It is a plain purpose of the Act that the party paying compensation or supplying benefits or whose liability therefor becomes fixed succeeds to the rights of the injured employee. The injured employee (as defined in the Act) is not entitled to both compensation from his employer and damages in tort. The third party does not escape his just liability in damages, nor does the injured employee obtain double compensation. Such is the purpose and intent of the Act. *Mitchell* v. *Peaslee, Jr.*, 143 Me. 372, 63 A. (2nd) 302; *Fournier-Hutchins* v. *Tea Co.*, 128 Me. 393, 148 A. 147; *Travelers Insurance Co.* v. *Foss*, 124 Me. 399, 130 A. 210; *Donahue* v. *Thorndike & Hix*, 119 Me. 20, 109 A. 187. See also *Prudential Ins. Co.* v. *Laval* (N. J.), 23 A. (2nd) 908, and *Zirpola* v. *Casselman, Inc.* (N. Y.), 143 N. E. 222.

There is no reason to believe that the Legislature intended a different scheme with double recovery in cases involving workmen's compensation and liability of a third party under the Death Act. 2 Larson, Workmen's Compensation Law § 74:42; 101 C. J. S., Workmen's Compensation, §§ 994, 995, 996.

Sec. 25, in our view, is applicable in the situations here presented. In the first sentence we have an option to the "injured employee" to claim compensation and benefits under the Act, or obtain damages or proceed at law against a third party. The right of the "injured employee" to proceed against the third party is suspended until failure of the

employer or compensation insurer or carrier is established under the same section. "Injured employee," as we have seen, includes by definition the widow and the children under the age of 18 years as dependents and the legal representative of the deceased. The legal liability of the third person arises under the Death Act. The action there created is the action not of the deceased person, but the action of the wife, the children, and the estate for certain expenses.

Compensation and benefits having been paid or liability therefor having been fixed, the employer (or compensation carrier) "shall be subrogated to the rights of the injured employee to recover against" the third party.

The rights of the injured employee, i.e., of the widow, the children under the age of 18 years, and of the administratrix, to recover in this instance are rights created and existing only under the Death Act. These are the *rights* to which the Legislature intended the employer or compensation carrier should be subrogated.

In *Turnquist* v. *Hannon* (Mass.), 107 N. E. 443, the court, in construing an identical definition of "injured employee" in a wrongful death case, said at p. 444:

> "These words are comprehensive and inclusive. They occur under the subdivision of the act which, among other miscellaneous provisions, undertakes to define the meaning of numerous words used repeatedly in the several sections. There seems to be no sufficient reason for giving to this definition any other than its natural meaning."

*Reidy* v. *Old Colony Gas Co.*, 315 Mass. 631, 53 N. E. (2nd) 707; *Massachusetts Bonding & Ins. Co.* v. *United States,* 352 U. S. 128, 77 S. Ct. 186, 187 (note).

The New Hampshire Court in *Gagne* v. *Garrison Hill Greenhouses* (N. H.), 109 A. (2nd) 840, in holding there

was no application against compensation of amounts recovered from a third party in a wrongful death action, pointed out significantly that the Legislature had struck from a bill a definition of employee, including the precise language quoted above in Sec. 2 II B. The court said, at p. 844: "Had it [the definition] been permitted to remain, little doubt concerning the intended applicability of section 12 to fatal injury cases would have arisen."

In each case the parties interested in compensation and benefits and in damages under the Death Act are identical. There are no children who are not dependents under the Workmen's Compensation Act. The widow and children are entitled to compensation and to an action for damages under the Death Act by and in the name of the administratrix. The estate is or may be entitled to medical, surgical, hospital, and funeral expenses under both Compensation and Death Acts.

In one action the administratrix may sue for and recover damages for the death and the expenses noted. The damages for each type of injury or loss may readily be assessed specially by the jury or fact finder. Thus the right to recover against the third person may pass by subrogation to the employer or compensation carrier as fully and completely on the facts of each case as in the routine subrogation of a tort claim by a living employee. *Turnquist* v. *Hannon, supra.*

It is suggested by the plaintiffs that there can be no subrogation since the cause of action and damages are different. The right to compensation is not a tort claim. Compensation in part reducing the impact of lost wages is not the equivalent of damages to cover total loss. This is so whether we are discussing subrogation of the rights of a living employee or subrogation of the rights of the widow, children, and estate of a deceased employee.

The plaintiffs argue with more force that there can be no subrogation under Sec. 25 since different classes of persons may benefit. For example, adult children are beneficiaries under the Death Act but not under the Workmen's Compensation Act unless "physically or mentally incapacitated from earning. . ." Sec. 15.

In such event, subrogation under Sec. 25 would apply only to the interests of the beneficiaries of compensation and benefits and in no way to the interests of the other adult children. *Joel* v. *Peter Dale-Garage* (Minn.), 289 N. W. 524. The action under the Death Act must be brought by and in the name of the personal representative of the deceased. Fairness and equity dictate that the portion of the recovery to which the beneficiaries under both Death Act and Workmen's Compensation Act would be entitled should be distributed under Sec. 25. *Doleman* v. *Levine*, 295 U. S. 221.

Control of the action would not pass in this situation to the employer or compensation carrier. The retention of control in the personal representative is not, however, a sufficient reason to deny the application of a well recognized purpose of the Act, namely, that recovery from a third party should be applied against compensation. *Reidy* v. *Old Colony Gas Co., supra.*

Lastly, the amendment of Sec. 25 by the addition of "or death" in 1961 did not alter the meaning of the section as it existed in 1959 at the time of the fatal accident. We recognize the presumption that an amendment changes the meaning of a statute. In this instance the presumption is met and destroyed by the definition of "injured employee" and also by the purpose of the Act with reference to application of recoveries from third parties. We treat the amendment of 1961 as an attempt to clarify the section and nothing more.

We conclude, therefore, that under Sec. 25 the compensation carrier was entitled by subrogation to bring the action in each case in the name of the administratrix. We have assumed from the argument that all of the children in each case were under the age of 18 years at the time of the fatal accident. If in either case there were in fact children 18 years of age or older, not dependent under Sec. 15, then in such case the compensation carrier would not be entitled to bring the action for the death.

In either event, whether the action is controlled by the compensation carrier or by the administratrix, there must be an accounting in the Superior Court of any proceeds in which beneficiaries under the Workmen's Compensation Act are interested under Sec. 25 to the end that there shall be no double recovery. See 2 Larson, Workmen's Compensation Law, § 74:30.

On remand, the Superior Court will ascertain whether in either case there were children 18 years of age or older not dependent under Sec. 15, at the date of the fatal accident.

The entry in each case will be

> *Remanded for action and for declaratory judgments in accordance with opinion without costs.*