MRS. ESTHER BYERS, WIDOW AND ADMINISTRATRIX OF THE ESTATE OF
WEAVER BYERS, DECEASED EMPLOYEE v. NORTH CAROLINA STATE
HIGHWAY COMMISSION, EMPLOYER, SELF-INSURER; STANDARD CON-
CRETE PRODUCTS COMPANY, THIRD PARTY TORT-FEASOR

No. 6823SC241

(Filed 11 December 1968)

**1. Master and Servant § 96—     appeal of Industrial Commission de-
cision — where heard**

While an appeal from an order of the Industrial Commission taken
prior to 1 October 1967 is heard by the Superior Court, such an appeal
taken on or after that date goes directly to the Court of Appeals. G.S. 97-86.

**2. Master and Servant § 96—     appeal of Industrial Commission de-
cision — scope of review**

Upon appeal from an order of the Industrial Commission, the appellate
court has jurisdiction to review only for errors of law; consequently, if
the findings of fact of the Industrial Commission are supported by com-
petent evidence and are determinative of all the questions at issue in the
proceeding, the court on appeal must accept such findings as true and
merely determine whether they justify the legal conclusions and the
decision made by the Commission.

**3. Master and Servant § 96—     appeal of Industrial Commission de-
cision — scope of review**

Upon appeal from a decision of the Industrial Commission, the appel-
late court may neither consider the evidence introduced before the In-
dustrial Commission for the purpose of making new findings of fact for
itself nor receive or consider new evidence not introduced in the hearing
before the Commission.

**4. Master and Servant § 97—     remand of cause to Industrial Commis-
sion**

If the findings of fact made by the Commission are insufficient to en-
able the appellate court to determine the rights of the parties upon the
matters in controversy, the proceeding must be remanded to the Commis-
sion for proper findings, but the appellate court ordinarily may not re-
mand the case for the taking of additional evidence.

**5. Master and Servant § 97—     remand of case to Industrial Commis-
sion — newly discovered evidence**

The appellate court may remand a cause to the Industrial Commission
on the ground of newly discovered evidence only when a proper case is
made to appear by affidavit meeting the seven requirements set out in
*Johnson v. R. R.*, 163 N.C. 431.

**Master and Servant § 89—     distribution of wrongful death recovery
— subrogation rights of employer — reception of new evidence in ap-
pellate court and findings and conclusions based thereon**

Upon appeal to the Superior Court from an order of the Industrial
Commission directing that the entire sum recovered in a wrongful death
action brought by the administratrix of the estate of the deceased em-

ployee be paid to the employer in satisfaction of its subrogation rights under G.S. 97-10.2(f)(1)(c), the Superior Court has no authority to make a new factual finding based on evidence introduced for the first time at the appellate hearing that the dependents of the deceased employee under the Workmen's Compensation Act are not the same in this case as the distributees of the deceased, and the court's conclusion of law based thereon that the provisions of the Wrongful Death Act, G.S. 28-173, control over the provisions of the Workmen's Compensation Act so that the wrongful death proceeds should be distributed to the heirs at law of the deceased employee is erroneous.

**7. Master and Servant § 89—    subrogation right of employer to share in wrongful death recovery**

The provision of G.S. 28-173 which prohibits the use of a wrongful death recovery to pay a debt of the decedent does not bar the subrogation right of an employer under G.S. 97-10.2(f)(1)(c) to share in the proceeds of a wrongful death recovery against a third party tortfeasor, the employer's right to reimbursement under G.S. 97-10.2(f)(1)(c) not being a debt of the decedent.

**8. Master and Servant § 89—    wrongful death recovery by administratrix — employer's right to subrogation — employer's failure to participate in wrongful death action**

Employer did not forfeit its subrogation right under G.S. 97-10.2(f)(1) (c) to share in the proceeds of a wrongful death action brought by the administratrix of the estate of the deceased employee by its refusal to participate in the trial and appeal of the wrongful death action where the action was instituted by the administratrix within twelve months after the employee's death, the personal representative of the deceased employee having the exclusive right under G.S. 97-10.2(b) to proceed to enforce the liability of a third party tortfeasor by appropriate proceedings if such proceedings are instituted within twelve months after the date of death, and the employer being neither a necessary nor a proper party to such an action.

APPEAL by defendant from *Gambill, J.,* March 1968 Civil Session of WILKES Superior Court.

This is an appeal from a judgment of the superior court which reversed an order of the North Carolina Industrial Commission directing disbursement of certain funds recovered from a third party tort-feasor as result of a wrongful death action brought by the administratrix of the estate of a deceased employee. The facts are as follows:

Plaintiff's intestate, Weaver Byers, was an employee of the defendant, North Carolina State Highway Commission, which is a self-insured employer subject to the North Carolina Workmen's Compensation Act. On 26 May 1965 Weaver Byers was injured in an accident which arose out of and in the course of his employment when a bridge on which he was standing collapsed as a heavily laden

cement truck owned by Standard Concrete Products Company
drove onto the bridge. As a result of these injuries he died on the
following day. The defendant employer admitted liability under
the North Carolina Workmen's Compensation Act and on 15 June
1965 the North Carolina Industrial Commission approved an award
under which defendant paid medical bills and funeral expenses of
the deceased employee and made and has continued to make weekly
compensation payments to his widow for her use and the use of the
four children of the deceased employee who were under eighteen
years of age at the time of his death. When the last weekly payment
is made under this award, defendant will have made total pay-
ments, including payments for medical and funeral expenses, in ex-
cess of $12,000.00.

On 15 April 1966, within one year after the death of the em-
ployee, his widow, who had qualified as administratrix of his estate,
filed an action in the Superior Court of Wilkes County against
Standard Concrete Products Company to recover damages for the
death of her intestate, alleging that his death was caused by the
negligence of that company. The defendant in that action filed an-
swer in which it denied any negligence on its part and pleaded con-
tributory negligence of the deceased. Upon the trial and at the close
of plaintiff's evidence a judgment of involuntary nonsuit was en-
tered by the superior court on 9 June 1966. On appeal to the Su-
preme Court by the plaintiff administratrix, the judgment of non-
suit was reversed in an opinion filed 23 November 1966 and re-
ported in 268 N.C. 518. Thereafter plaintiff administratrix and the
third party tort-feasor negotiated a settlement of the wrongful
death action for the sum of $7,500.00.

The present proceeding was commenced by petition filed by
plaintiff administratrix with the North Carolina Industrial Com-
mission on 19 December 1966 in which plaintiff prayed for an order
authorizing and approving the negotiated settlement of the wrong-
ful death action and for a further order directing the distribution of
the funds recovered. In this petition plaintiff alleged that the North
Carolina State Highway Commission had been informed of the
entry of the judgment of nonsuit in her wrongful death action at
the time it had been entered and had been requested to participate
in the appeal to the State Supreme Court, but that it had refused to
do so or to share in the cost of the appeal and that plaintiff admin-
istratrix had prosecuted the appeal at her own expense. Plaintiff con-
tended in her petition that for these reasons the North Carolina
State Highway Commission was precluded from sharing in the pro-
ceeds of the settlement under its right of subrogation. On 4 January

1967 the State Highway Commission executed a release consenting to the settlement which plaintiff had negotiated with the third party tort-feasor, and on 11 January 1967 a consent judgment was entered in the wrongful death action in the Superior Court of Wilkes County adjudging that the plaintiff recover $7,500.00 from the Standard Concrete Products Company. On 26 January 1967 Chairman J. W. Bean of the North Carolina Industrial Commission, without holding any formal hearing on plaintiff's pending petition, entered an order directing that the entire sum of $7,500.00 recovered from the tort-feasor be paid to the employer State Highway Commission in satisfaction of its subrogation rights under the provisions of G.S. 97-10.2(f) (1) (c), subject to the payment of attorneys' fees not exceeding one-third thereof. Plaintiff appealed from this order to the Full Commission. As grounds for her appeal, plaintiff contended that the employer's subrogation rights had been forfeited by its failure to participate in the trial of her wrongful death action as well as by its refusal to authorize, participate in, or to share in the costs of her appeal to the State Supreme Court from the judgment of nonsuit. After hearing before the Full Commission, at which counsel for plaintiff and defendant appeared and argued their respective contentions, the Full Commission entered an order on 30 May 1967 affirming the order which had theretofore been entered by Chairman Bean. In apt time on 21 June 1967 the plaintiff appealed from the order of the Full Commission to the Superior Court of Wilkes County, where the matter was heard before Judge Gambill at the Regular March 1968 Session. After this hearing, Judge Gambill entered an order dated 15 March 1968 in which he made extensive findings of fact relating to the death of the injured employee, the award of compensation which had been made under the provisions of the Workmen's Compensation Act to the widow and the four children of the deceased employee who were under eighteen years of age at the time of his death, the qualification of the widow as administratrix and the bringing of the wrongful death action against the third party tort-feasor, the results of the trial and appeal in that case, and the final negotiation of the settlement with the third party tort-feasor. Included among the findings of fact made by the judge of superior court was a finding that at the time of the death of the injured employee he left surviving, in addition to the dependents named as beneficiaries of the Workmen's Compensation award, three older children who were also heirs at law and distributees of the deceased. In addition, the court made the following findings of fact:

"(6)   That said action against the Standard Concrete Products Company was tried at the June Civil Session, 1966, and at the conclusion of the trial on the 9th day of June, 1966, a judgment of involuntary nonsuit was entered by the Superior Court of Wilkes County, which was a final judgment unappealed from and would have ended the case but for the action of the administratrix at her own cost and expense.

"(7)   That the State Highway and Public Works Commission was advised of said action in the Superior Court and were advised of the trial and invited to participate in the trial in the Superior Court and said Highway Commission refused to do so.

"(8)   That on the signing of the judgment of nonsuit the State Highway Commission was advised of the judgment of nonsuit and was further advised that the counsel for the administratrix believed that the plaintiff had made out a case and were asked to authorize an appeal to the Supreme Court of North Carolina and to participate in an appeal to the Supreme Court and the State Highway Commission refused to do so. That counsel for the plaintiff advised the Commission that the administratrix would take the position that the judgment of nonsuit was a final adjudication of the State Highway Commission's subrogation rights and that the plaintiff would plead the same against the State Highway Commission as an abandonment and forfeiture of any rights they might have, and that the plaintiff intended to appeal the case at her own cost and expense, which she did.

\*         \*         \*         \*         \*

"That the Court further finds as a fact that the State Highway Commission, by its failure to participate in the trial in the Superior Court, and its failure to participate in the appeal, after notice, waived its right to participate in the proceeds of the judgment, and that its action was an abandonment of its subrogation rights, and that the State Highway Commission is now by its conduct estopped from asserting any claim in the recovery and in the distribution of the funds received in the tort action.

"The Court is further of the opinion and so finds that Chapter 97 of the General Statutes entitled 'Workmen's Compensation Act' relates solely to a contract between the employer and employee. That the Act provides further for payment to the employee, or in case of death to his dependents, regardless of whether from an accident or a tort. General Statutes 28-173 is

a wrongful death statute (tort) and that the same as such provides for distribution of the funds received from a tort action and is not liable for debts of a deceased, but survives in the personal representative for distribution to his next of kin, and the Court further finds from the evidence and stipulations that the dependents under the Act are not the same in this case as the distributees of the deceased, and that to permit the State Highway Commission to take these funds as subrogee would be depriving the three children of their rightful inheritance for the wrongful death of their father. That General Statutes 28-173 is non-contractual and does not arise until death and survives in the personal representative for distribution under the statute and the decedent could not enter into a contract that would nullify the statute that would take from his heirs at law the right of distribution.

"The Court concludes that to permit the Highway Commission to take this money would be harsh treatment and not in keeping with the laws as intended by the Legislature, nor is it in keeping with equity or justice. That the payment made by the State Highway Commission grew out of the relationship of Employer and Employee, while the wrongful death statute provides for recovery only on the basis of the tort committed by the party and goes to the administratrix for distribution by the Administratrix."

On these findings the court concluded as a matter of law that the funds recovered from the third party tort-feasor as a result of settlement of the wrongful death action should be paid to the plaintiff administratrix for distribution by her among the widow and all of the children of the deceased, including the three older children, and that the employer is estopped by its conduct from asserting any claim to any part of said funds. On the basis of these findings and conclusions, the superior court entered judgment reversing the order of the Industrial Commission and remanding the case to the Commission for entry of a new order directing disbursement of the funds to the administratrix for distribution among the heirs at law of the deceased. From this judgment the employer, North Carolina State Highway Commission, appealed.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, Assistant Attorney General Henry. T. Rosser and Trial Attorney Fred P. Parker, III, for defendant appellant.*

*Hayes & Hayes by Kyle Hayes for plaintiff appellee.*

PARKER, J.

**[1-5]**   In this case the appeal from the order of the Industrial Commission was taken prior to 1 October 1967 and accordingly properly lay to the superior court. Had the appeal been taken on or after 1 October 1967, it would have come directly to the Court of Appeals. G.S. 97-86, as amended by Chap. 669, 1967 Session Laws. In either case the appellate court, which was the superior court in this case, has jurisdiction to review only for errors of law. *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439. If the findings of fact of the Industrial Commission in a proceeding over which it has jurisdiction are supported by competent evidence and are determinative of all of the questions at issue in the proceeding, the court on appeal must accept such findings as true and merely determine whether they justify the legal conclusions and the decision made by the Commission. In no event may the superior court or this Court consider the evidence which was introduced in the proceedings before the Industrial Commission for the purpose of making new findings of fact for itself. *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747. *A fortiori* the appellate court may not receive or consider new evidence not introduced in the hearing before the Commission. The scope of review is limited to the record as certified by the Industrial Commission and to the questions of law therein presented. *Penland v. Coal Co.*, 246 N.C. 26, 97 S.E. 2d 432. If the findings of fact made by the Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the Commission for proper findings. *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E. 2d 706. Even in such cases, however, ordinarily the limited authority of the reviewing court does not permit it to order remand of the case for the taking of additional evidence. *Bailey v. Dept. of Mental Health*, 272 N.C. 680, 159 S.E. 2d 28. The appellate court may remand a cause to the Industrial Commission on the ground of newly discovered evidence only when a proper case is made to appear by affidavit meeting the seven requirements set out in *Johnson v. R. R.*, 163 N.C. 431, 453, 79 S.E. 690, 699. *McCulloh v. Catawba College*, 266 N.C. 513, 146 S.E. 2d 467. No affidavit and no such showing has been presented in the present case.

**[6]**   In the light of the foregoing well-established principles it is apparent that the judgment of the superior court here appealed from was erroneous. Not only did the judge make new findings of fact on the basis of the record certified by the Industrial Commission for appellate review, but he allowed introduction into the record of entirely new evidence, in the form of a stipulation, as to the ex-

istence of three older children of the deceased employee who did not share in the workmen's compensation award but who were heirs at law of the deceased. On the basis of this new evidence, introduced for the first time in the appellate review hearing in the superior court, the judge found as a fact that the dependents of the deceased employee under the Workmen's Compensation Act are not the same in this case as the distributees of the deceased. On this finding the court concluded as a matter of law that the provisions of the North Carolina Wrongful Death Statute, G.S. 28-173, are controlling over the provisions of the Workmen's Compensation Act, G.S., Chap. 97. It is true that for purposes of the North Carolina Workmen's Compensation Act a "child" is defined to include only persons who at the time of the death of a deceased employee are under eighteen years of age, G.S. 97-2(12), while our Wrongful Death Statute, G.S. 28-173, provides that any recovery thereunder shall be distributed under the North Carolina Intestate Succession Act, G.S., Chap. 29, in which no such age limitation appears. The question of a possible conflict in the distributive provisions of the two statutes is an interesting one and has given the courts of other states considerable difficulty when they were confronted with similar problems in considering their own statutes. (For cases holding that the provisions of the Wrongful Death Statutes control to the extent that the employer's subrogation rights under Workmen's Compensation Statutes are limited to the portion of the wrongful death recovery which is distributed under the Wrongful Death Statutes to persons who also receive compensation as dependents under the Workmen's Compensation Statutes, see: *Doleman v. Levine,* 295 U.S. 221, 55 S. Ct. 741, 79 L. Ed. 1402; *Holley v. Stansfield,* 186 F. Supp. 805; *Joel v. Peter-Dale Garage,* 206 Minn. 580, 389 N.W. 524; *United States Fidelity & Guaranty Co. v. Higdon,* 235 Miss. 385, 109 So. 2d 329; *Buzynski v. County of Knox,* 159 Me. 52, 188 A. 2d 270; *Insurance Co. v. Laval,* 131 N.J. 23, 23 A. 2d 908; *In Re Zirpola v. Casselman, Inc.,* 237 N.Y. 367, 143 N.E. 222. For cases holding that the provisions of the Workmen's Compensation Statutes control, see: *In Re Shields' Estate,* 320 Ill. App. 522, 51 N.E. 2d 816; *Gall v. Robertson,* 10 Wis. 2d 594, 103 N.W. 2d 903.)

However, in the case before us the question was not presented for decision on the record before the Industrial Commission and was not properly before the superior court when this case came before it for appellate review. Nor is the question at present properly before this Court and accordingly we refrain from expressing any opinion on it, other than to refer to the following language in the

opinion by Chief Justice Denny in *Cox v. Transportation Co.,* 259 N.C. 38, 43, 129 S.E. 2d 589:

> "(I)t is mandatory under the provisions of the Workmen's Compensation Act that any recovery against a third party by reason of an injury to *or death* of an employee subject to the Act, the proceeds received from such settlement with or judgment against the third party, *shall be disbursed according to the provisions of the Workmen's Compensation Act.*" (Emphasis added.)

Since the superior court had no power to make the new factual finding, the resulting conclusion of law and the judgment insofar as it was based thereon was erroneous.

[7] Appellee further contends that the Highway Commission is barred from sharing in the wrongful death recovery by the language in G.S. 28-173 which provides that the amount recovered in a wrongful death action is not liable to be applied in payment of debts of the decedent. This contention is without merit. The employer's right of reimbursement under G.S. 97-10.2(f)(1)(c) is not a debt of the decedent. It is a right created by statute, just as is the right to bring action for wrongful death. The two statutes must be construed together, and when so construed we find no conflict in the language in G.S. 28-173 which prohibits use of the wrongful death recovery to pay a debt of the decedent and the language in G.S. 97-10.2(f)(1)(c) which directs that a portion of the recovery be applied to the reimbursement of the employer for benefits paid under award of the Industrial Commission.

[8] The judgment of the superior court was also based in part upon a finding that the employer State Highway Commission, by its failure to participate in the trial and appeal of the wrongful death action, had waived its right to participate in the recovery against the third party tort-feasor. While designated a finding of fact, this was actually a mixed finding of fact and conclusion of law. The factual finding was that the employer had not participated in the trial or the appeal; the conclusion of law derived therefrom was that this amounted to a waiver by the employer of any right to participate in the recovery. The Industrial Commission made a factual finding to the effect that plaintiff administratrix had herself brought the wrongful death action and had appealed to the Supreme Court. It made no finding of fact directly bearing on the employer's failure to participate in such trial or appeal. For the reasons stated above it was error for the superior court on appeal to it to make any new factual findings. Had the superior court on appeal considered that a

finding on this point was necessary to a proper determination of this case, the proper course would have been to remand the case to the Industrial Commission to make complete findings. However, in our view the Industrial Commission was entirely correct in not making any finding on this point, since such a finding would have been neither relevant nor determinative of any issue in this case. G.S. 97-10.2(b) grants to the personal representative of a deceased employee the *exclusive* right to proceed to enforce the liability of a third party tort-feasor by appropriate proceedings if such proceedings are instituted not later than twelve months after the date of death. If summons is issued against the third party during said twelve months period, the personal representative has the right to settle with the third party and to give a valid and complete release of all claims by reason of the death, subject only to the lien rights of the employer to protect his interest in the proceeds and subject to the requirement that any settlement must be made with the written consent of the employer. G.S. 97-10.2(d) and (h).

In the case before us the wrongful death action was instituted within twelve months after the date of the employee's death. The right to proceed with such action was therefore by express language of the statute vested exclusively in plaintiff administratrix. The employer, State Highway Commission, was neither a necessary nor a proper party thereto. G.S. 97-10.2(d). This being so, it is difficult to see in what manner the State Highway Commission could have "participated" in the trial or appeal of the wrongful death action. Its failure to do what it had no legal right to do could not result in a forfeiture of the right expressly vested in it by statute to share in the proceeds of the recovery against the third party tort-feasor. G.S 97-10.2(f)(1) expressly provides that where the employer has either filed a written admission of liability for benefits under the Workmen's Compensation Act, or an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by settlement with, judgment against, or otherwise from the third party by reason of injury or death of the employee shall be disbursed by order of the Industrial Commission, first to the payment of actual court costs taxed by judgment, second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission. Any amount remaining after the foregoing payments is to be paid to the employee or his personal representative.

The Industrial Commission had the exclusive original jurisdiction in this case to determine the proper distribution of the funds recovered from the third party tort-feasor. *Cox v. Transportation Co., supra.* The order entered by the Industrial Commission in this case followed precisely the directions of the statute, G.S. 97-10.2 (f) (1), and was correct. Accordingly, the judgment of the superior court is reversed and this case is remanded to the Superior Court of Wilkes County for entry of judgment affirming the decision of the Industrial Commission.

Reversed and remanded.

BROCK and BRITT, JJ., concur.