REC'D & FILED
Wendy M. Robinson

SEP 1 0 2002

Clerk of Courts
Somerset County

STATE OF MAINE
SOMERSET, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-015

T E H - S O M -

DONALD L. GARBRECHT
LAW LIBRARY

SEP 12 2002

CLAUDE FORTIN,

Plaintiff

v.

AMENDED ORDER ON
MOTIONS TO DISMISS

LES ENTERPRISES PASCAL RODRIGUE, INC.
and GARAGE REDMOND, INC.

Defendants


This matter is before the court on the separate motions of the

defendants Les Enterprises Pascal Rodrigue, Inc. ("Les Enterprises") and

Garage Redmond, Inc. ("Garage Redmond") to dismiss the plaintiff's claims

of negligence against Garage Redmond (Count I) and Les Enterprises (Count

II).

## I. BACKGROUND

In relevant part, the allegations in the complaint may be summarized

as follows: In October 1998, the plaintiff was a resident of the Province of

Quebec, Canada, and employed by Fernand Gregoire Trucking Company of

Jackman, Maine. Complaint ¶¶ 1, 7, 8. The defendants were Canadian

corporations each having their principal place of business in Quebec. *Id.* at

¶¶ 2, 4. Les Enterprises was a trucking company doing business regularly

in the United States, including the State of Maine. *Id.* at ¶¶ 2, 3. Garage

Redmond was in the business of repairing trucks that were used in

commerce throughout Canada and the United States, including the State of Maine. *Id.* at ¶¶ 4, 5.

In October 1998 Garage Redmond repaired a truck owned by Les Enterprises and, during the course of the repairs removed and reinstalled the left wheels of the vehicle's front axle. *Id.* at ¶¶ 9-11. On October 23, 1998, after the repairs had been completed, an employee of Les Enterprises operated the truck northbound on Route 201 near Caratunk, Maine. *Id.* at ¶¶ 14-16. At that time, the plaintiff was driving his vehicle south bound on the same road. *Id.* at ¶17. As the vehicles approached each other, the two left wheels of Les Enterprises' truck detached, crossed into the southbound lane and struck the plaintiff's truck. *Id.* at ¶ 18. The plaintiff lost control of his vehicle and was injured in the crash that resulted. *Id.* at ¶ 19.

In their motions, Garage Redmond asserts that the court lacks personal jurisdiction over it, and both defendants assert that the plaintiff's claims are governed exclusively by Canadian law.

## II. DISCUSSION

A motion to dismiss tests the legal sufficiency of the complaint. *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. The court must examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth the elements of a cause of action. *Id.* A dismissal is proper only if it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Id.*

2

A.    Motion of Garage Redmond

Because the court agrees that it lacks personal jurisdiction over Garage Redmond, it does not need to reach the defendant's alternate assertion that the plaintiff's claims against it are governed exclusively by Canadian law.

The complaint specifically alleges that the injury to the plaintiff occurred in Maine as a result of the negligent repair of Les Enterprises' truck by Garage Redmond in Quebec. Complaint ¶ 23. Viewed in a light most favorable to the plaintiff, this allegation constitutes a prima facie showing of "doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within the state" for the purposes of long arm jurisdiction. 14 M.R.S.A. § 704-A(2)(B).

However, the exercise of personal jurisdiction over Garage Redmond in this case exceeds the constraints of due process under the Fourteenth Amendment of the United States Constitution. Due process requires (1) that the forum state have a legitimate interest in the subject matter of the litigation, (2) that the defendant, by its conduct, reasonably could have anticipated litigation in the forum state, and (3) that the exercise of jurisdiction comports with notions of fair play and substantial justice. *Frazier v Bankamerica Int'l*, 593 A.2d 661, 662 (Me. 1991). Since the plaintiff was lawfully employed in the State of Maine by a Maine company that conducted approximately half of its business in the State, Maine arguably has a legitimate interest in the subject matter of this litigation -- that is, it may be impacted by the social or economic consequences of the injury to the plaintiff -- and the first prong of the due process analysis is

3

met.  Claude Fortin Aff. ¶¶ 1, 4, 5; Fernand Gregoire Dep. at 3, 5, 6. However, Garage Redmond did not have sufficient contacts with the State of Maine to have reasonably anticipated being sued here and, therefore, the second prong cannot be met.  Accepting the plaintiff's well-pleaded facts as true, there is no basis upon which this court can conclude that Garage Redmond purposefully directed its activities at Maine residents, or engaged in significant activities here, or created any continuing obligations between itself and the residents of this State.  *Christiansen v. Elwin G. Smith, Inc.*, 598 A.2d 176, 178 (Me. 1991) (citation omitted).

Accordingly, the court concludes that it lacks personal jurisdiction over Garage Redmond.

B.      Motion of Les Enterprises

        1.      Personal Jurisdiction

The court does not reach the same result on Les Enterprises' assertion that the court lacks personal jurisdiction over it.  The complaint alleges that Les Enterprises does business regularly in the State of Maine, and that the injury to the plaintiff occurred in Maine as a result of Les Enterprises' negligent maintenance, inspection, and operation of its truck. Complaint ¶¶ 26, 28.  This constitutes a sufficient prima facie showing for the purposes of statutory long arm jurisdiction, and the exercise of jurisdiction on the basis of those allegations does not offend notions of due process.

As previously noted, Maine arguably has a legitimate interest in the subject matter of this litigation.  In addition, by virtue of the regularity of its

4

business dealings in Maine, Les Enterprises reasonably could have anticipated litigation here. Thus, based upon specific facts set forth in the record, the plaintiff has met his burden of establishing the first and second prongs of the due process analysis. *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995). Contrarily, Les Enterprises has not met its burden under the third prong of showing that the exercise of jurisdiction does not comport with notions of fair play and substantial justice. *Id.*

2. Choice of Laws

Les Enterprises also asserts that the complaint fails to state a claim upon which relief can be granted because the plaintiff's claims are governed exclusively by the substantive law of Quebec, not Maine, which precludes this negligence action. M.R. Civ. P. 12(b)(6). The choice of law issue is significant here. Maine recognizes a common law right of action for negligence against another who causes personal injuries. *Thermos Co. v. Spencer*, 1999 ME 129, 735 A.2d 484, 490 n. 4. Quebec does not, and limits such recovery to statutory no-fault benefits available under the Quebec Automobile Insurance Act ("Act"). *See* R.S.Q., c. A-25, § 83.57. The Act applies to Quebec residents regardless of the place of the accident and "compensation under [the Act] stands in lieu of all rights and remedies by reason of bodily injury and no action in that respect shall be admitted before any court of justice." *Id.* §§ 7, 83.57.

Maine's conflict of laws principals control the outcome of this issue. Maine subscribes to the "most significant contacts and relationships" test, which includes an assessment of the competing laws and policies of the

5

jurisdictions involved in the light of the nature and extent of the contacts of the parties with each jurisdiction, with each other, and with the situs of the injury-causing event. *Adams v. Buffalo Forge Co.*, 443 A.2d 932, 934 (Me. 1982); RESTATEMENT (SECOND) CONFLICT OF LAWS, §§ 6, 145 (1971).[1] Where personal injures are involved, the court must apply the law of the place where the injury occurred unless another jurisdiction has a more significant relationship to the occurrence and the parties. *Id.* § 146.[2]

In this analysis, it is relevant that, although the accident and injuries occurred in Maine, the parties were residents and domiciliaries of Quebec, and that at least some of the alleged tortious conduct occurred in that jurisdiction.[3] In the absence of anything else, these facts might lead to a conclusion that Quebec has the most significant contacts and relationships

---

[1] A well-reasoned analysis of a conflict of laws issue involving Maine and Quebec is set forth in *Chouinard v. Boufford*, Me. Sup. Ct. CV-99-054 (Aroostook)(August 16, 1999). *Chouinard* involved an accident in Maine between residents and domiciliaries of Quebec driving vehicles registered in Quebec. The defendants routinely entered Maine for business purposes and, on the date of the accident, the plaintiff was in Maine as a guest of the State's Department of Inland Fisheries and Wildlife. On these facts, the Superior Court concluded that the parties most significant contacts and relationships were with Quebec because they had "formed a social compact with that province and [were] bound by its system of loss-allocation rules created to govern automobile accidents." *Id.* at 8-9.

[2] The law of the jurisdiction in which the tortious conduct <u>and</u> the injury occurred is usually applied. RESTATEMENT (SECOND) CONFLICT OF LAWS, § 146, cmt. d. Otherwise, "[t]he state where the defendant's <u>conduct</u> occurs has the dominant interest in regulating it and in determining whether it is tortious in character [and] the state where the <u>injury</u> occurs will, usually at least, have the dominant interest in determining whether the interest affected is entitled to legal protection." *Id.* (emphasis added).

[3] The complaint alleges that Les Enterprises was negligent "by failing to properly maintain, inspect and operate its vehicle." Complaint ¶ 28. Arguably the breaches of maintenance and inspection occurred in Quebec during the repairs by Garage Redmond. However, any negligent operation relevant to this action must have occurred in Maine.

6

to the parties and the occurrence. *See Collins v. Trius, Inc.*, 663 A.2d 570 (Me. 1995).[4] However, it is also relevant that, at the time of the accident, the plaintiff was working for his Maine employer, paid Maine taxes, and was covered by Maine's workers' compensation insurance program, and that he is receiving Maine workers' compensation benefits as a result of the injury he sustained, and his employer "has a lien for the value of compensation paid on any damages subsequently recovered against the 3rd person liable for the injury." 39-A M.R.S.A. § 107 (Supp. 2001); *See* Claude Fortin Aff. ¶¶ 1, 4-6; Fernand Gregoire Dep. at 3, 5, 6.[5]

While it may be credibly argued that the social and economic policies of Quebec and Maine are each impacted by of the accident and resulting injury to the plaintiff, it would seem that the impact is of greater consequence to this jurisdiction. Unlike *Collins*, the accident in the present case was not merely the result of either parties' fortuitous presence in Maine. Both parties purposefully, and regularly, availed themselves of the

---

[4]*Collins* involved a negligence action against a tour bus company by eight of its passengers. All of the parties, as well as the bus driver, were residents of Canada and the tour originated in that country. The bus was involved in an accident in Maine on the way to its destination in New York. The court determined that, since it was merely fortuitous that the accident occurred in Maine, the primary issue in that case was "loss-allocation" rather than "conduct-regulation". *Collins*, 663 A.2d at 573. The court then concluded that, although Maine had a significant interest in regulating conduct on its highways, Canada had a more "profound interest in achieving a measure of uniformity in tort recovery among Canadian residents" and its damages law should apply. *Id.*

[5]The purpose of Maine's Workers' Compensation Act is to expeditiously compensate injured employees for their loss of earning capacity resulting from work-related accidents. *See Levesque v. Shorey*, 286 A.2d 606, 609 (Me. 1972); *Kinney v. Great Northern Paper, Inc.*, 679 A.2d 517 (Me. 1996). It is not intended to enable a third party to escape liability for damages. *Buzynski v. Knox County*, 159 Me. 52, 56, 188 A.2d 270, 272 (Me. 1963).

7

benefits and protections provided by the State to its traveling public. Thus, Maine has a significant interest in regulating their conduct on its highways.

Maine also has a superior interest in having its loss-allocation policy and laws applied. This court is mindful of the generally accepted rule regarding the "superiority of the common domicile as the source of law governing loss-distribution". *Collins*, 663 A.2d at 573. However, the plaintiff's employment status at the time of the accident and the injuries he sustained enabled him to exercise and enjoy the benefits and protections provided by the State of Maine to persons employed within its industry. As a result, the Workers' Compensation Act has created a lawful expectancy and entitlement to reimbursement in the provider of those benefits to the plaintiff. *Buzynski v. Knox County*, 159 Me. 52, 56, 188 A.2d 270, 272 (Me. 1963)("It is a plain purpose of the [Workers' Compensation] Act that the party paying compensation or supplying benefits or whose liability therefor becomes fixed succeeds to the rights of the injured employee"). Thus, although Canada has an "interest in achieving a measure of uniformity in tort recovery among Canadian residents", Maine's interest in the welfare of its workforce and the allocation of damages under its workers' compensation laws is more profound. *Collins*, 663 A.2d at 573.

In sum, the court concludes that Maine has the most significant contacts and relationships to the occurrence and the injuries in this case and its law applies.

## III. DECISION

Based upon the foregoing, and pursuant to M.R. Civ. P. 79(a), the Clerk

is directed to enter this Order on the Civil Docket by a notation incorporating it by reference, and the entry is

>Motion of Defendant Garage Redmond to dismiss Count I is GRANTED; and
>
>Motion of Defendant Les Enterprises to dismiss Count II is DENIED.

Dated:    September 5, 2002

_____
Justice, Superior Court

CLAUDE FORTIN - PLAINTIFF
1065-175TH RUE
RUE  JFZDHF
Attorney for: CLAUDE FORTIN
KEVIN NOONAN
MCTEAGUE HIGBEE CASE COHEN ET AL
PO BOX 5000
FOUR UNION PARK
TOPSHAM ME 04086-5000

SUPERIOR COURT
SOMERSET, ss.
Docket No  SKOSC-CV-2002-00015

**DOCKET  RECORD**

VS
LES ENTREPRISES PASCAL RODRIGUE - DEFENDANT
735 RUE PRINCIPALE
ST JEAN DE LE LAUDE  JFZDHF
Attorney for: LES ENTREPRISES PASCAL RODRIGUE
FREDERICK J BADGER JR
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429


GARAGE REDMOND, INC. - DEFENDANT
11150 ONE E AVENUE ST.
GEORGE  JFZDHF
Attorney for: GARAGE REDMOND, INC.
PATRICIA A HAFENER
CURTIS THAXTER STEVENS BRODER & MICOLEAU
ONE CANAL PLAZA
PO BOX 7320
PORTLAND ME 04112


Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 02/19/2002

## Docket Events:
02/22/2002 FILING DOCUMENT - COMPLAINT FILED ON 02/19/2002


02/22/2002 ATTORNEY - RETAINED ENTERED ON 02/19/2002
          Defendant's Attorney:  PATRICIA A HAFENER


02/22/2002 ATTORNEY - RETAINED ENTERED ON 02/19/2002
          Defendant's Attorney:  KEVIN NOONAN


02/22/2002 Party(s):  GARAGE REDMOND, INC.
          SUMMONS - CIVIL SUMMONS FILED ON 02/19/2002


02/22/2002 Party(s):  GARAGE REDMOND, INC.
          SUMMONS - ACK OF RECEIPT OF SUMM/COMP FILED ON 02/19/2002
          PATRICIA HAFENER O/B/O GARAGE REDMOND, INC. DATED: FEBRUARY 4, 2002.


02/22/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/22/2002
          TO KEVIN NOONAN, ESQ. & PATRICIA A. HAFENER, ESQ.

03/06/2002 Party(s):  GARAGE REDMOND, INC.