LEMUEL F. SWINDELL v. DAVIS BOAT WORKS INC. AND AMERICAN IN-
TERNATIONAL ADJUSTMENT

No. 8510IC252

(Filed 17 December 1985)

**Master and Servant § 55.3— workers' compensation—knee injury not result of ac-
cident**

The evidence and findings supported the Industrial Commission's deter-
mination that plaintiff's knee was not injured by accident when he sidestepped
behind another employee and pivoted while attempting to get to a soda
machine in a break area. N.C.G.S. 97-2(6).

APPEAL by plaintiff from order of the North Carolina Indus-
trial Commission filed 10 September 1984. Heard in the Court of
Appeals 15 October 1985.

This is a claim for benefits under the Workers' Compensation
Act. G.S. Chap. 97-1. On 31 March 1983 this matter was heard be-
fore Deputy Commissioner Bryant. In an opinion filed 30 June
1983 Deputy Commissioner Bryant, *inter alia*, found as fact the
following:

8. Plaintiff sustained an injury by accident arising out of and
in the course of his employment with defendant-employer.

From Deputy Commissioner Bryant's award of compensation, de-
fendant appealed to the Full Commission.

On 8 August 1984 this matter was heard before the Full Com-
mission. The Full Commission adopted Deputy Commissioner Bry-
ant's Findings of Fact, one (1) through seven (7), and vacated the
remaining Findings of Fact and inserted new Findings of Fact in
lieu thereof.

Findings of Fact

1. Plaintiff is 44 years old and completed high school and two
and one-half years of college.

2. Plaintiff has been employed with defendant-employer since
August 1981 as a mechanical hook-up technician. Plaintiff's
job is to install diesel engines on boats, to hook-up the steer-
ing and to install the plumbing lines.

3. On September 10, 1982, while on morning break, plaintiff side-stepped behind another employee in a close area and pivoted to attempt to get to a soda machine. After plaintiff side-stepped behind the employee and pivoted, he felt a severe pain in his left knee with his next step. Plaintiff's left knee popped and felt out of joint. Plaintiff was trying to pass through a space of about 10 inches while facing the other employee.

4. As a result of the side-stepping and pivoting motion on the date above indicated, plaintiff sustained a bucket handle tear of his left medial meniscus. Plaintiff's condition was surgically repaired.

5. Seventy-five percent of plaintiff's work time is spent working in confined areas and cramped conditions with his legs folded and leaning in at an angle while pushing with his legs in a folded position. Plaintiff has felt a popping and pain in his knee, approximately 12 times during his employment while in the position described above. Occasionally plaintiff has to crawl on his knees in order to change positions, and on one occasion while crawling plaintiff's knee felt loose when he attempted to pick it up from the crawling position.

6. Plaintiff does not contend that he is suffering from an occupational disease caused by the cramped conditions of his work on his knees and there is no medical evidence in the record to support such a contention.

7. In 1970 as the result of a car accident, plaintiff sustained a condition which resulted in fluid on his left knee. Plaintiff received no specific treatment for his knee other than x-rays and experienced no pain after this incident. Plaintiff has not had any problem with his knees until the injury described herein.

8. Plaintiff admits that he went to the break area about every day. There was nothing unusual about the number of employees present on September 10, 1982, and he had side-stepped other employees in this same manner on other occasions without ill effect. He did complain that for two weeks prior to September 10, 1982, he had worked in a cramped position, but felt no pain in his knees. He did feel a 'popping' in his knees on occasion during this two-week period.

9. On the day complained of, there was nothing unusual from the way plaintiff normally did his job or his side-stepping around a fellow employee in the break area. This was no different from what he had done in the past. In fact, the only thing unusual was that he felt severe pain on this occasion when his leg came to a straight extended position when he started to walk away.

10. On September 10, 1982, plaintiff sustained an injury to his left knee arising out of and in the course of his employment. However, the injury was not the result of an accident or unusual circumstances.

The Full Commission concluded as a matter of law that plaintiff did not sustain an injury by accident and, therefore, he is not entitled to the benefits of the Workers' Compensation Act. G.S. 97-2(6). Plaintiff appealed to this Court.

*Lemuel F. Swindell, pro se, for plaintiff appellant.*

*Teague, Campbell, Dennis & Gorham, by G. Woodrow Teague and Dayle Flammia, for defendant appellee.*

JOHNSON, Judge.

We note that on appeal plaintiff has proceeded *in forma pauperis*. Plaintiff has failed to present any Assignments of Error within the Record. Rule 10(a), N.C. App. P. Neither the Exceptions, nor their respective Assignments of Error, which plaintiff relies on are set forth at the conclusion of the Record on Appeal. Rule 10(c), N.C. App. P. In order to prevent any manifest injustice to this plaintiff we will, nonetheless, review the merits of his appeal. Rule 2, N.C. Rules App. P.

The issue raised by plaintiff's appeal is whether, consistent with North Carolina law, the opinion and award filed by the Full Commission is supported by competent evidence. We hold that the Record on Appeal supports the opinion and award by the Full Commission.

Findings of Fact by the Industrial Commission when supported by competent evidence are conclusive on appeal. *Byers v. North Carolina State Highway Commission*, 3 N.C. App. 139, 164 S.E. 2d 535 (1968), *aff'd*, 275 N.C. 229, 166 S.E. 2d 649 (1969). The

---

**Swindell v. Davis Boat Works**

---

Full Commission concluded as a matter of law that plaintiff's injury was not an accident and, therefore, he was not entitled to benefits under the Workers' Compensation Act. G.S. 97-2(6); *Russell v. Pharr Yarns, Inc.*, 18 N.C. App. 249, 196 S.E. 2d 571 (1973).

The statutory definition for a compensable injury under the Workers' Compensation Act is set forth in G.S. 97-2(6).

Injury.—'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form except where it results naturally and unavoidably from the accident. . . .

This Court has held that the statutory definition of the word injury is not synonymous with accident. *See Russell v. Yarns, supra.* There must be some new circumstance not a part of the usual work routine in order to find that an accident has occurred. *Id.*

In the case *sub judice*, the Industrial Commission found as fact that there were no unusual circumstances at the time plaintiff injured himself. In response to a direct question on this point, plaintiff testified that there was nothing different from any other time he was in the break area.

Q. Is there anything—any reason you feel that side-stepping this foreman was different from any other time you were in the break area and other people were at the machine? I mean, what was so different about this occasion that caused you to hurt yourself?

A. I'm not saying there is anything different from it. The only thing I can say is that I believe the accident was caused by the side-stepping, then final side-step and pivot. . . .

Plaintiff proceeded to assert that the cramped conditions he was working in may have led to the accident. However, there was no medical testimony to corroborate this assertion by plaintiff. Prior to 10 September 1982, the date of the injury plaintiff complains of, plaintiff felt a popping in his knee.

Q. Before you talk about this occasion you need to give a date and time?

A. I can't give it a date and time because I have no recollection as to what day, because at that time it was not of importance to me. I passed it off as being no more significant as the popping of a finger joint.

Q. Could you give it a month and year?

A. No, ma'am; I couldn't.

Q. Before or after September 10, 1982.

A. Before.

Plaintiff further testified that he had experienced this popping in his knee at least a dozen times during a two week period prior to 10 September 1982.

Q. How many times have you felt the popping? Prior to September 10, 1982, how many times have you felt the popping in your knee?

A. I would say at least a dozen — a dozen and a half times.

Plaintiff had previously noticed a looseness in his knee while crawling in cramped working conditions. Seventy-five (75) percent of the time plaintiff worked in these cramped conditions and had done so since the date of his employment. Plaintiff testified that there was nothing different about the snack area on the day he injured himself. "No matter how great the injury, if it is caused by an event that involves both an employee's normal work routine and normal working conditions it will not be considered to have been caused by an accident." *Searsey v. Perry M. Alexander Construction. Co.*, 35 N.C. App. 78, 80, 239 S.E. 2d 847, 849, *disc. rev. denied*, 294 N.C. 736, 244 S.E. 2d 154 (1978).

The Full Commission and the Deputy Commissioner found as a fact that plaintiff had a prior injury of his knee in an automobile accident. Plaintiff's testimony supported this finding. Plaintiff testified that after the accident a "sac of fluid the size of a golfball" formed on his left knee. We conclude that the Full Commission's Findings of Fact are supported by competent evidence and the Findings of Fact support the Full Commission's Conclusion of Law, that plaintiff's injury was not caused by an accident within the meaning of the Workers' Compensation Act.

Affirmed.

Judges WEBB and PHILLIPS concur.