The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral argument on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award. Accordingly, the Opinion and Award by Deputy Commissioner Dollar is affirmed.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and thereafter by agreement as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties at the relevant times.
2. The defendant was a fully qualified self-insured with Carson-Brooks, Inc., as the third-party servicing agent.
3. The plaintiff's average weekly wage was $247.80, based upon the Form 22 which was stipulated by the parties, which yields a compensation rate of $165.21.
4. The issue for determination is whether the plaintiff sustained an injury by accident arising out of and in the course of her employment on November 9, 1992.
5. The parties stipulated the Form 19, Employee's Report of Injury to Employer, filed on January 15, 1993, and the defendant's Injury Investigation Report, completed on November 11, 1992 into the record.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 30 year old female who had completed the eleventh grade, was 5' 8" tall, and weighed 228 pounds. The plaintiff weighed approximately 190 pounds at the time of the injury. The plaintiff's prior work experience was in the textile industry.
2. On or about February 20, 1992, the plaintiff began working with defendant furniture manufacturer as a general trainee in the finishing department. In March of 1992, plaintiff was promoted to a hand sander; and on May 30, 1992, plaintiff was promoted to filler wiper.
3. While working as a general trainee and a hand sander, plaintiff's duties included stepping up and down from wooden pallets, or trays, which were on a chain which ran through the finishing department. The plaintiff would use sand paper to hand sand various pieces of bedroom furniture, including headboards, footboards, dressers, chests of drawers, and armoires.
4. When the plaintiff was promoted to the filler wiper job, she continued to have to step off and onto the pallets or trays to wipe pieces of furniture as they came out of the spray booth, to remove drawers for staining, to replace drawers after staining, or doing second or third wiper jobs on the furniture line.
5. The hand sand work area was immediately after the filler wiper area on the line. In both areas, an employee would have to step up and down from the pallet to perform wiping or sanding duties.
6. On November 9, 1992, the plaintiff was assigned to do hand sanding work in the finishing department. The plaintiff had been on the filler wiper line on the previous day, and had wiped the same pieces which were before her on November 9 to be sanded.
7. The plaintiff stepped off and on the pallet to sand three or four pieces of furniture. At the time of the injury, the plaintiff had sanded a headboard and stepped off of the pallet and onto the floor. As she stepped onto the floor, the plaintiff experienced a knife-like pain in her right knee. After experiencing the right knee pain, the plaintiff almost lost her footing, but she caught herself.
8. The plaintiff reported to her supervisor that she stepped off the tray and felt something pop in her right knee.
9. The plaintiff did not sustain an injury by accident arising out of and in the course of her employment on November 9, 1992 but was merely performing her usual job in the usual way when she sustained her injury.
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. In order to prove a compensable injury, the plaintiff must prove that she sustained an injury by accident. N.C. GEN. STAT. § 97-2 (6). An accident is defined as an unlooked for and untoward event which is not expected or designed by the injured employee or a result produced by a fortuitous cause.Harding v. Thomas Howard Co., 256 N.C. 427, 124 S.E.2d 109
(1962). The accident must be a separate event proceeding and causing the injury. Davis v. Raleigh Rental Center,58 N.C. App. 113, 292 S.E.2d 653 (1982).
2. In the present case, the plaintiff was engaged in her regular work activity of stepping on and off of the pallet at the time of the injury to her knee. The task of stepping off and onto the pallet was a task common to both the filler area and the sander area and was a normal part of the work performed in either area.
3. No matter how great the injury, if it is caused by an event that involves both the employee's normal work routine and normal working conditions, it will not be considered to have been caused by an accident. Swindell v. Davis Boat Works, 78 N.C. App. 393,337 S.E.2d 592, disc. rev. denied, 316 N.C. 385,342 S.E.2d 908 (1985).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of Deputy Commissioner Dollar and enters the following:
AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ DIANNE C. SELLERS COMMISSIONER