The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties at the relevant times.
2. Fireman's Fund Insurance Company was the carrier on the risk.
3. The parties agreed to stipulate fifty-two pages of medical records and a twelve page transcript of a recorded statement into evidence.
4. The issue for determination is whether plaintiff sustained a compensable injury on January 4, 1994, and if so, to what benefits is she entitled.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and makes additional findings as follows:
FINDINGS OF FACT
1. On January 4, 1994, the plaintiff was a 32 year old female who was a native of Nicaragua. The plaintiff had been a resident of the United States for approximately four years, although she was non-English speaking. The plaintiff was five feet tall and weighed approximately 115 pounds.
2. The plaintiff initially worked for one and one-half years with a chicken processing plant in the United States, and had been a housewife and a merchant in Nicaragua.
3. The plaintiff began working as an inspector for defendant-employer, a fabric manufacturer, in approximately May of 1993. Her duties involved checking boxes which contained bolts of fabric in order to check for defects in the fabric. The plaintiff was to assist others with lifting rolls of fabric when she completed her work. The plaintiff would typically lift a roll of fabric, which weighed twenty to twenty-five pounds, place the fabric on hooks at the metal cylinder. She would roll the fabric and run it through a machine.
4. On January 4, 1994 the plaintiff lifted a roll of thick fabric, which she estimated to weigh approximately sixty pounds. As she attempted to lift the bolt of cloth, she felt a pop in her chest and she heard a cracking sound in her chest. She let go of the roll; and she went to her supervisor, Linda Terry, to report her injury.
5. The plaintiff gestured to her chest and attempted to tell Linda that she had injured herself, and Linda brought the plaintiff some red pills.
6. The plaintiff continued to work after the injury, despite feeling pain in the front of her chest, around to her back. Subsequently, she began to have headaches.
7. Finally, on January 20, 1994, the plaintiff was seen at Carolinas Medical Center, where she was diagnosed with cephalgia bifrontal. She reported a history of a headache which had lasted for two weeks.
8. On January 21, 1994, plaintiff went to chiropractor Paul Eagles, upon referral by a friend. The plaintiff was diagnosed with intracostal neuritis, thoracic segmental dysfunction, cervical cranial syndrome, and other problems related to the chest, back, and neck strain. The chiropractor authorized plaintiff to remain out of work.
9. Chiropractor Eagles set lifting restrictions for the plaintiff on or about March 16, 1994, and referred her to an orthopedist. However, plaintiff was unable to secure an appointment due to defendant's refusal to authorize the visit under plaintiff's insurance policy.
10. The Full Commission finds that the January 4, 1994 incident at work resulting in plaintiff's injuries constituted a specific traumatic incident of the work assigned and/or an injury by accident arising out of and in the course of her employment. The plaintiff has been unable to return to work since January 19, 1994 due to the injury she sustained.
11. The plaintiff worked seven days per week, eight hours per day at $5.00 per hour; and with overtime, her average weekly wage was $320.00, which yields a compensation rate of $213.33.
12. Chiropractor Eagles has opined that the persistent headaches, neck pain, back pain, and chest pain were causally related to the injuries sustained on January 4, 1994.
13. Defendants attempted to assert through Linda Terry that plaintiff had not reported a work-related injury. However, Ms. Terry admitted that she did not speak and could not understand even minimal Spanish language communication. Ms. Terry also admitted that plaintiff had said, in broken, English; "my body no good." Ms. Terry further stated that even after the plaintiff brought in a medical excuse with work restrictions, neither she nor any other management staff interviewed the plaintiff or prepared an accident report on the incident.
14. The Full Commission finds that defendant appealed the award of benefits to plaintiff by the Deputy Commissioner and that said appeal resulted in the affirming of the awarding of compensation for plaintiff.
15. Defendant unreasonably failed to accept plaintiff's claim and did not have reasonable grounds upon which to defend this claim. Plaintiff is therefore entitled to an award of reasonable attorney's fees for plaintiff's attorney.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident or specific traumatic injury arising out of and in the course of her employment with defendant-employer on January 4, 1994, when she lifted a roll of cloth which was almost double the weight of the cloth she had been required to lift as a part of her regular work. The introduction of the heavier rolls of fabric to plaintiff's job was a sufficient interruption of plaintiff's normal work routine to constitute an accident. N.C. GEN. STAT. § 97-2 (6); Swindell v. Davis Boat Works, Inc., 78 N.C. App. 393,337 S.E.2d 592 (1985), cert. denied and appeal dismissed,316 N.C. 385, 342 S.E.2d 908 (1986).
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation at the rate of $213.33 per week from January 2, 1994, to the present and continuing until such time as the plaintiff reached maximum medical improvement and returns to work, or until further order of the Commission. N.C. GEN. STAT. § 97-29.
3. The plaintiff is entitled to have defendants pay medical expenses incurred, or to be incurred, as a result of the compensable injury on January 4, 1994. The plaintiff is further entitled to evaluation and necessary treatment by an orthopedist. If the parties are unable to agree on referral to an orthopedist, they may request assistance from the Commission's rehabilitation staff.
4. Plaintiff's counsel is entitled to an award of attorney's fees at the original hearing pursuant to N.C.G.S.97-88.1 for unreasonably failing to accept plaintiff's claim and defending said claim without reasonable grounds.
5. Plaintiff's counsel is entitled to additional attorney's fees in the amount of $1,200.00 from the defendant pursuant to N.C.G.S. 97-88 as a part of the bill of costs of the appeal to the Full Commission.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay to the plaintiff temporary total disability at the rate of $213.33 per week from January 20, 1994 to the present and continuing. As much of this compensation as has accrued shall be paid to the plaintiff in a lump sum.
2. Defendants shall pay medical expenses incurred, or to be incurred, as a result of the compensable injury.
3. An attorney's fee in the amount of twenty-five percent of the total compensation awarded to plaintiff is approved for plaintiff's counsel; however, said fee shall be reduced by the $6,200.00 attorney's fees hereinafter awarded to plaintiff's counsel. The balance of said attorney's fee shall be paid as follows: Twenty-five percent of any accrued compensation due plaintiff after said deduction of $6,200.00, and thereafter every fourth compensation check awarded to plaintiff shall be paid directly to plaintiff's counsel.
4. Defendants shall directly pay a reasonable attorney's fee of $5,000.00 to plaintiff's counsel for representation provided due to defendant's failure to accept plaintiff's claim and due to their lack of reasonable ground on which they defended the claim. N.C. GEN. STAT. § 97-88.1.
5. Defendants shall pay the costs of the appeal, including $1,200.00 in attorney's fees to plaintiff's counsel as a part of the costs. N.C.G.S. 97-88. Further costs include an expert witness fee of $140.00 to Paul James Eagles, D.C., and an interpreter's fee of $90.00 to Maria Compos.
IT IS FURTHER ORDERED that defendants shall be assessed a penalty of $25.00 for failure to prepare a Form 19, Employer's Report of Injury, pursuant to N.C. GEN. STAT. § 97-92 (e).
* * * * * * * * * * *
FOR THE FULL COMMISSION
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj