I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's Opinion and Award in this case and would affirm on the grounds that the evidence fails to show that plaintiff sustained an injury by accident as required under the N.C. Workers' Compensation Act.
In their Opinion and Award, the majority finds that plaintiff was injured when she attempted to open a rusted steel rack by striking the rack with both hands, causing injury to her left shoulder. The evidence fails to show that this is an injury by accident as defined in N.C. Gen. Stat. § 97-2(6) or as articulated by our appellate courts. Plaintiff testified that the majority of the time she had a problem opening the racks because the racks had been left outside and had rusted shut. Opening the racks in the same manner as she did on the date in question was part of the normal process of her work. Therefore, plaintiff was performing her regular work in the usual manner when she felt pain in her left shoulder. An injury which involves an employee's normal work routine and normal working conditions is not considered an accident arising out of the employment. Swindell v.Davis Boat Works, 78 N.C. App. 393, 337 S.E.2d 592 (1985); cert.denied, 316 N.C. 385, 342 S.E.2d 908 (1986); Poe v. Acme Builders,69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C. 762,321 S.E.2d 143 (1984).
In my opinion the evidence before us does not support an award of benefits under the N.C. Workers' Compensation Act on the grounds of an injury suffered as a result of an accident.
For the foregoing reasons, I must respectfully dissent from the majority in this case.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER