***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant.
3. Defendant is a duly self-insured and Risk Management Services, Inc. is the servicing agent.
4. Plaintiff's average weekly wage was $374.00.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
6. A recorded statement between plaintiff and Kay Chapman, Claims Representative with Risk Management Services, was stipulated into evidence as Stipulated Exhibit 2.
 ***********
Based upon all the competent evidence adduced at the hearing, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 43 years old and had completed high school. Plaintiff's prior work experience included working on a farm, working in a furniture factory and in a motel business for approximately 20 years.
2. Plaintiff had been employed by defendant on two occasions. The first period of employment was from March 1998 through April 1999. Plaintiff ended his employment with defendant in order to have eye surgery.
3. Plaintiff began his second period of employment with defendant in April 2000. Plaintiff was a stocker. Plaintiff's job was physically demanding and required him to perform a variety of activities. Plaintiff unloaded boxes of groceries off delivery trucks by hand and placed them on pallets located on the ground. After the boxes had been placed on the pallet, plaintiff transported the pallets into defendant's store by pushing or pulling them on a pallet jack.
4. Once the boxes were in the store, the groceries were divided according to which area of the store they were to be shelved. Plaintiff pushed or pulled the pallet jack to the appropriate aisle in the store and stocked the shelves with the groceries. Plaintiff used a ladder to stock higher shelves. When stocking lower shelves, plaintiff would squat in the style of a baseball catcher and take items out of the box and place them onto the shelf.
5. Plaintiff's job also required lifting objects that weighted from one pound or less up to 70 pounds.
6. Plaintiff worked for approximately 40 hours per week.
7. On 15 July 2001, plaintiff injured his right knee while stocking boxes of tissue paper. While in a squatting position, plaintiff twisted his body to reach for a box of tissue and heard a pop in his right knee.
8. At the hearing before the Deputy Commissioner, plaintiff testified that he twisted to retrieve a box and while twisting again to place the box on the appropriate shelf he began to lose his balance; he tried to stand and felt his knee pop. However, in a recorded statement taken 30 July 2001, plaintiff stated: "I was stocking the shelves, putting boxes on the shelves, and I was putting a box on the bottom shelf, and I bent my knees down, as I usually do, I'm always doing, putting boxes on the bottom shelf. And I went to bend down both my knees. I heard something pop in my right knee. And when I went to stand back up, I couldn't move my right leg." The Full Commission finds plaintiff's recorded statement to be more credible than the testimony offered at the hearing before the Deputy Commissioner.
9. Plaintiff immediately reported the incident to Marcus Richardson, a Grocery Manager. Plaintiff indicated he was stocking the boxes of Kleenex and bent down and injured his knee.
10. When plaintiff reported the injury to Carlisle Suggs, another Grocery Manager, he indicated there was nothing unusual or extraordinary that occurred at the time the accident happened.
11. Plaintiff was initially treated by Stephen J. Candela, M.D., who requested an MRI on July 22, 2001. The MRI revealed a torn a right medial meniscus.
12. Dr. Candela performed an arthroscopic surgery to repair the knee. Plaintiff underwent physical therapy after surgery with Columbus Physical Therapy Associates.
13. Dr. Candela indicated plaintiff continued to complain of pain in the knee but stated there was nothing more that could be done from an orthopaedic standpoint and released plaintiff.
14. Plaintiff was seen by Brian Altman, Columbus Center for Orthopaedics Sports Medicine on 3 May 2002. Dr. Altman requested an MRI on 10 May 2002, which indicated a torn right medial meniscus but the anterior and posterior ligaments were intact. Dr. Altman recommended additional physical therapy and ultimately indicated that repeat arthroscopy was necessary in order to be able to assess whether plaintiff also suffers from cruciate insufficiency.
15. Plaintiff was performing his normal job responsibilities at the time the injury occurred. There is insufficient evidence to show that there was an interruption of plaintiff's normal work routine so as to constitute an injury by accident as defined by the North Carolina Workers' Compensation Act. There was nothing unforeseen or unusual that occurred at the time of the injury.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. There is insufficient evidence to show that there was an interruption of plaintiff's normal work routine so as to constitute an injury by accident as defined by the North Carolina Workers' Compensation Act. Accordingly, plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim is not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6); Gunter v. DaycoCorp., 317 N.C. 670, 346 S.E.2d 395 (1986); Poe v. Acme Builders,69 N.C. App. 147, 316 S.E.2d 338 (1984); Swindell v. Davis Boat Works,Inc., 78 N.C. App. 393, 337 S.E.2d 592 (1985), disc. review denied andappeal dismissed, 316 N.C. 385, 342 S.E.2d 908 (1986).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of September, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ PAMELA T. YOUNG COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER