* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Taylor with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act. *Page 2 
2. The employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. At all relevant times herein, the North Carolina League of Municipalities was the compensation carrier on the risk.
4. The date of the allegedly compensable injury was March 27, 2006.
5. Plaintiff's average weekly wage was $841.90 which yields a corresponding compensation rate of $561.55.
6. Plaintiff was out of work from March 27, 2006 until May 11, 2006. He has since returned to his regular job at regular pay.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 36 year-old high school graduate with a year and a half of college. On March 27, 2006, plaintiff was employed by defendant as a Solid Waste Supervisor, a position that he had held for about five to six years. Plaintiff has worked for defendant for approximately eleven years. Plaintiff's duties as Solid Waste Supervisor include supervising the day-to-day operations of the Solid Waste Department which includes yard waste, dumpsters and compliance with various rules and regulations.
2. On or about March 27, 2006, an issue had arisen with residents on a particular cul-de-sac of not placing yard waste in the proper area. Consequently, as a supervisor, plaintiff took it upon himself to tag the doors to let the residents know that they had to comply with the *Page 3 
yard waste rules and regulations. While at one particular house, a lady came out and talked to plaintiff, and as he was leaving he turned around and felt something pop in his right leg, which caused it to give way. Plaintiff did not trip, slip, or fall until his knee gave way as a result of which he fell down some steps. Plaintiff turned normally just prior to his knee giving way.
3. After falling down the steps, plaintiff was taken to UNC Hospital where he was treated in the emergency room. Plaintiff later underwent surgery on April 4, 2006 by Dr. Kennard.
4. Plaintiff returned to work on May 11, 2006, and is back at full duty.
5. Tagging doors with notices was part of plaintiff's normal job routine. Based upon the greater weight of the evidence, plaintiff has failed to prove that his injury was the result of an accident or an interruption of his normal work routine.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Injury and personal injury shall mean only injury by accident arising out of and in the course of the employment. N.C. Gen. Stat. § 97-2(6). An accident within the meaning of this Act is an unlooked for and untoward event which is not expected or designed by the injured employee. Poe v. Acme Bldrs., 69 N.C. App. 147, 316 S.E.2d 338, cert. denied, 311 N.C. 762, 321 S.E.2d 143 (1984). Circumstances sufficient to constitute an interruption of a given work routine typically involve an undertaking by the employee of duties not usual and customary.Id.. No matter how great the injury, if it is caused by an event that involves both the employee's normal work routine and normal working conditions, it will not be considered to have been *Page 4 
caused by an accident. Swindell v. Davis Boat Works, Inc.,78 N.C. App. 393, 337 S.E.2d 592 (1985), cert. denied and appeal dismissed,316 N.C. 385, 342 S.E.2d 908 (1986).
2. Because plaintiff indicated that tagging doors with informational flyers was part of his normal job, and that he did not slip, trip, or fall until his leg gave way, his claim for benefits under the Workers' Compensation Act must be denied. Plaintiff has failed to prove by the greater weight of the evidence that his injury was the result of an accident, an interruption of his normal work routine. Further, injuries sustained in a fall in which the employee's leg without explanation gives way have been held to be attributable solely to the employee's idiopathic condition, and thus recovery has been denied. Cole v.Guilford County, 259 N.C. 724, 131 S.E.2d 308 (1963).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 O R D E R
1. Under the law, plaintiff's claim must be, and is hereby DENIED.
2. Each side shall pay its own costs.
This the 26th day of February, 2008.
S/______________________ BUCK LATTIMORE COMMISSIONER
 CONCURRING: *Page 5 
 S/______________________ CHRISTOPHER SCOTT COMMISSIONER
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1