***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and oral arguments of the parties. With reference to the errors assigned, the Full Commission finds that defendant has not shown good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives. Accordingly, the Full Commission AFFIRMS with modifications the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 *********** ISSUE
Whether plaintiff sustained a compensable injury by accident arising out of and in the course of her employment on June 1, 2007 and if so to what benefits, if any, is she entitled? *Page 2 
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury.
4. An employee-employer relationship existed between plaintiff-employee and defendant-employer at the time of the alleged injury.
5. Defendant-employer in this case is Wake County School System and the servicing agent liable on the risk is Key Risk Management Services.
6. Plaintiff sustained an injury and began missing work on or about June 1, 2007.
7. Plaintiff's average weekly wage is $457.60, which yields a compensation rate of $305.22.
8. The nature of the alleged injury is a right shoulder/arm injury.
9. Plaintiff was paid for the entire day of the alleged injury and worked thereafter until June 25, 2007.
10. Plaintiff returned to part-time work with defendant-employer on November 1, 2007 and returned to full-time work on January 28, 2008.
 *********** *Page 3 
Based upon the foregoing Stipulations and evidence of record, the Full Commission makes the following: FINDINGS OF FACT
1. Plaintiff is employed by Wake County Public School System and works in the child nutrition department at Reedy Creek Elementary School in Cary, NC. Plaintiff has worked with Wake County Public School System for over fourteen (14) years and has been the manager of school cafeterias for over eleven (11) years. Plaintiff has worked at Reedy Creek Elementary School for nine (9) years.
2. On June 1, 2007, plaintiff came in to work and did her normal duties of unlocking the freezer, turning on equipment, taking the trash out and setting up the coffee cart. Plaintiff performed this daily preparatory work before moving on to paperwork for the payroll, which required the principal's signature. Completing paperwork for the payroll was also part of plaintiff's normal duties.
3. With the payroll materials, plaintiff went to the principal's office and obtained the needed signature. Next, plaintiff walked from the principal's office down the hall and entered what is referred to as a "kitchenette workroom" where a copier is located. Plaintiff went there to make copies of the materials to forward to the payroll division and to her supervisor.
4. As plaintiff entered the workroom with her left arm full of paperwork, she stumbled and fell. Because her left arm was full of paperwork, plaintiff was unable to catch or steady herself to keep from falling to the floor. Once plaintiff began to fall and was unable to catch or steady herself, she landed on her right arm and shoulder with her full weight. Plaintiff fell at approximately 8:00 a.m. *Page 4 
5. After falling, plaintiff crawled to the edge of a counter in the workroom and pulled herself up to her feet. The principal was in his office and no other employees had yet arrived at work. Plaintiff then made the copies, gave the paperwork to a courier and returned to the cafeteria and kitchen. At that time, plaintiff was experiencing pain in her right arm and elbow so she retrieved a bag of ice from the freezer and placed it on her right arm. Plaintiff then went to her office and kept the ice on her right arm.
6. From her office, plaintiff telephoned her supervisor between 8:15 and 8:20 a.m., and was instructed to begin completing the necessary paperwork for a workplace injury. Plaintiff completed an online form with her left hand because she could not use her right hand at that time.
7. Thereafter, plaintiff's son picked her up from the school and transported her to an urgent care facility that was listed as an acceptable workers' compensation provider. A physician at the urgent care facility took x-rays of her right elbow and arm, which revealed no breaks or dislocations. Plaintiff was provided a sling and was prescribed pain medication.
8. Plaintiff's son then transported her back to work. Prior to entering her school, plaintiff went next door to the Reedy Creek Middle School to obtain her supervisor's signature on the accident report.
9. As instructed, plaintiff returned to the urgent care facility four days later. At that time, the attending physician indicated that despite her pain primarily being in her elbow, she might have a shoulder issue given her inability to use her right arm. Thereafter, plaintiff was referred to an orthopedic clinic.
10. On June 26, 2007, plaintiff was examined by Physician's Assistant Ling Yu at Raleigh Orthopaedic Clinic. P.A. Yu diagnosed plaintiff as having right shoulder impingement *Page 5 
or a possible small rotator cuff tear. Plaintiff was then referred to physical therapy, an MRI was ordered, and she was medically excused from work until after the MRI results were obtained.
11. On July 10, 2007, plaintiff returned to the Raleigh Orthopaedic Clinic and was examined by Dr. Hadley Calloway, who noted that plaintiff reported experiencing no right shoulder problems prior to her work-related injury. Dr. Calloway indicated that the MRI revealed a massive rotator cuff tear with proximal retraction for which he recommended an arthroscopic evaluation of the right shoulder, a possible rotator cuff repair and distal clavicle excision, and a possible rotator cuff debridement.
12. On July 13, 2007, defendant's adjuster telephoned plaintiff and informed her that her claim had been denied and that no further medical treatment would be provided.
13. On August 9, 2007, Dr. Calloway performed an arthroscopic repair of a complete rotator cuff tear in plaintiff's right shoulder, an arthroscopic subacromial decompression of the right shoulder, and a mini open distal clavicle excision.
14. Post-surgery, plaintiff attended physical therapy that ended on January 23, 2008.
15. Plaintiff did not return to work for defendant-employer until November 1, 2007, when she began working in a limited capacity, four hours per day.
16. On January 23, 2008, Dr. Calloway released plaintiff to return to full-time work with no lifting with her right arm and no overhead use of her right arm. Plaintiff returned to full-time work, suitable to her restrictions, on January 28, 2008.
17. On March 4, 2008, Dr. Calloway assigned plaintiff a twenty percent permanent partial disability rating (20%) to her right arm.
18. Plaintiff's post June 1, 2007 right arm and shoulder conditions were not the result of a pre-existing condition or conditions nor were they the result of an idiopathic condition. *Page 6 
19. Based upon the greater weight of the evidence, the Full Commission finds as fact that, although plaintiff's June 1, 2007 workplace injury occurred while she was performing her normal work duties, plaintiff's manner of injury constituted an accident as her stumble and fall was an unexpected interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
20. The Full Commission further finds as fact that plaintiff's accident and injury arose out of and in the course of her employment because when she stumbled and fell she was at work; she was performing duties related to her employment which directly benefitted defendant-employer; and she was unable to steady and catch herself when she began to fall as she had her left arm loaded with work-related papers to be copied, causing her to land on her right arm and shoulder with her full weight.
21. On June 1, 2007, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer resulting in injuries to her right arm and shoulder.
22. Based upon the credible medical and vocational evidence of record, and as a result of her June 1, 2007 injury by accident and related surgery, plaintiff was unable to earn any wages in her position with defendant-employer or in any other employment for the period of June 25, 2007 to November 1, 2007.
23. Based upon the credible medical and vocational evidence of record, and as a result of her June 1, 2007 injury by accident and related surgery, plaintiff was only able to earn reduced wages in her position with defendant-employer or in any other employment for the period of November 1, 2007 to January 28, 2008. *Page 7 
24. Defendant's defense of this claim was unreasonable and based on stubborn, unfounded litigiousness, thereby entitling plaintiff to the award of attorney's fees as a sanction based upon a percentage of the indemnity compensation payable herein.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Our courts have previously held that "(n)o matter how great the injury, if it occurred under normal working conditions it will not be considered to have been caused by an accident." Swindell v. Davis BoatWorks, Inc., 78 N.C. App. 393, 337 S.E.2d 592 (1985). This case is distinguishable from Swindell. The claimant in Swindell had noticed looseness in his knee prior to the injury, whereas here, there is no evidence that plaintiff's right arm and shoulder conditions were the result of a pre-existing condition. Also, the circumstances leading to claimant's injury in Swindell did not involve a fall. Id.
2. The Supreme Court of North Carolina in Taylor v. Twin CityClub, 260 N.C. 435, 437, 132 S.E.2d 865, 867 (1963), citing Robbins v.Bossong Hosiery Mills, 220 N.C. 246, 17 S.E.2d 20 (1941), stated that "[t]o prove an accident in industrial injury cases it is not essential that there be evidence of any unusual or untoward condition or occurrence causing a fall which produces injury. The fall itself is the unusual, unforeseen occurrence which is the accident." Plaintiff's manner of injury in the case herein constituted an accident under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
3. Our courts have also previously held that if an idiopathic condition is the sole cause of the injury, the injury does not arise out of the employment. Vause v. Vause Farm *Page 8 Equip. Co., 233 N.C. 88, 63 S.E.2d 173, (1951). An injury arises out of the employment when it occurs in the course of the employment and is a natural and probable consequence or incident of it, so that there is some causal relation between the accident and the performance of some service of the employment. Vause v. Vause Farm Equip. Co., 233 N.C. 88,91, 63 S.E.2d 173, 175 (1951), citing, Rewis v. New York Life InsuranceCo., 226 N.C. 325, 38 S.E.2d 97 (1946). Plaintiff's fall herein arose out of and in the course of her employment. The evidence herein establishes that when plaintiff stumbled and fell she was at work; she was performing duties related to her employment which directly benefitted defendant-employer; and she was unable to steady and catch herself when she began to fall as she had her left arm loaded with work-related papers to be copied, causing her to land on her right arm and shoulder with her full weight. Also there is no evidence that plaintiff's fall resulted solely from an idiopathic condition.Id.
5. Plaintiff's injury by accident arising out of and in the course of her employment with defendant-employer on June 1, 2007 resulted in injuries to her right arm and shoulder. N.C. Gen. Stat. § 97-2(6).
6. Based upon the credible medical and vocational evidence of record, and as a result of her June 1, 2007 injury by accident and related surgery, plaintiff is entitled to be paid by defendant total disability compensation at the rate of $305.22 per week for the period of June 25, 2007 to November 1, 2007. N.C. Gen. Stat. § 97-29; Russell v. Lowe'sProduct Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
7. Based upon the credible medical and vocational evidence of record, and as a result of her June 1, 2007 injury by accident and related surgery, plaintiff is entitled to be paid by defendant temporary partial disability compensation at the rate of $152.61 per week for the *Page 9 
period of November 1, 2007 to January 28, 2008. N.C. Gen. Stat. § 97-30;Russell v. Lowe's Product Distribution, 108 N.C. App. 762,425 S.E.2d 454 (1993).
8. As a result of her June 1, 2007 injury by accident and related surgery, plaintiff is entitled to have defendant pay to her permanent partial disability compensation at the rate of $305.22 per week for a period of forty-eight (48) weeks for the twenty percent (20%) rating to her right arm. N.C. Gen. Stat. § 97-31(13).
9. As a result of her June 1, 2007 injury by accident, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including expenses associated with her August 9, 2007 surgery and post-operative physical therapy, when the medical bills have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. §§ 97-25; 97-25.1.
10. Because defendant's defense of this claim was unreasonable and based on stubborn, unfounded litigiousness, plaintiff is entitled to the award of attorney's fees as a sanction based upon a percentage of the indemnity compensation payable herein. N.C. Gen. Stat. § 97-88.1. This attorney's fee shall not be deducted from the amounts due plaintiff, but instead shall be paid to counsel for plaintiff in addition to those amounts.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay to plaintiff total disability compensation at the rate of $305.22 per week for the period of June 25, 2007 to November 1, 2007. Having accrued, this compensation shall be paid to plaintiff in a lump sum. *Page 10 
2. Defendant shall pay to plaintiff temporary partial disability compensation at the rate of $152.61 per week for the period of November 1, 2007 to January 28, 2008. Having accrued, this compensation shall be paid to plaintiff in a lump sum.
3. Defendant shall pay to plaintiff permanent partial disability compensation at the rate of $305.22 per week for a period of forty-eight (48) weeks for the twenty percent (20%) rating to her right arm. Having accrued, this compensation shall be paid to plaintiff in a lump sum.
4. Defendant shall pay for all related medical expenses incurred or to be incurred by plaintiff as a result of her June 1, 2007 injury by accident, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including expenses associated with her August 9, 2007 surgery and post-operative physical therapy, when the medical bills have been approved according to established Industrial Commission procedures.
5. As a sanction pursuant to N.C. Gen. Stat. § 97-88.1, an attorney's fee equaling twenty-five percent (25%) of the indemnity compensation awarded to plaintiff herein is approved for counsel for plaintiff to be paid by defendant. This attorney's fee is to be paid by defendant in addition to the one hundred (100%) percent of the actual indemnity benefits owed and to be paid to plaintiff.
6. Defendant shall pay the costs.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER
 *Page 1